FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 13 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

HEDWICH WYNAAR,

Defendant.

09-cr-656

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On November 18, 2009, Hedwich Wynaar was convicted by jury verdict of all counts of a three-count indictment. Count 1 charged that in March 2009, the defendant, together with others, conspired to import cocaine into the United States, in violation of 21 U.S.C. §§ 963, 960(a)(1) and (b)(2)(B)(ii). Count 2 charged that in March 2009, the defendant, together with others, attempted to import cocaine into the United States, in violation of 21 U.S.C. §§ 963, 960(a)(1) and (b)(2)(B)(ii). Count 3 charged that in March 2009, the defendant, together with others, attempted to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(ii)(II).

Wynaar was sentenced on August 12, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

The court finds the total offense level to be 28 and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between 78 and 97 months. The calculation of the total offense level did not include a 2-point enhancement for obstruction of justice, based on defendant's alleged perjury at trial. The standard for a finding of perjury was not met. The offense carried a minimum term of imprisonment of five years and a maximum term of imprisonment of forty years on each count. *See* 21 U.S.C. §§ 960(b)(2)(B) and 841(b)(1)(B). The guidelines range of fine was from $12,500 to $125,000.

Wynaar was sentenced to five years' incarceration and five years' supervised release. A $300 special assessment was imposed. A fine of $12,500 was imposed on each count concurrently, for a total fine of $12, 500. No interest is to be charged on the special assessment or fine, provided defendant makes full payment within six months of his release from prison.

Imposition of the special assessment and fine are stayed pending the outcome of any appeal by defendant.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). The offenses of conviction were serious. Defendant was convicted by a jury of conspiring and attempting to import large, distribution quantities of cocaine into the United States from Suriname. He has exhibited on many occasions a disregard for the criminal law. A significant period of incarceration is appropriate for purposes of achieving specific deterrence. Defendant has, however, an excellent work history and a large, supportive family. The high statutory minimum applicable in this case, plus the maximum term of supervised release, will adequately serve the purposes of sentencing. A sentence of five years' imprisonment and five years' probation reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in cocaine importation will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the impact of this conviction on the defendant's employability. It is unlikely that he will engage in further criminal

activity in light of his strong work history, his supportive family, and his need to provide financial support for his young children.

_____<br>
Jack B. Weinstein<br>
Senior United States District Judge

Dated: August 16, 2010
       Brooklyn, New York